SCHOTT, Judge.
On January 3,1974, plaintiff inspected an apartment defendants were offering for rent. He then signed an application to rent the apartment and deposited with defendants $50. The application recited that the deposit was not being received as a rental payment but provided: “In the event the application is approved and applicant fails or refuses to enter into the contemplated lease, owner shall retain the said deposit as liquidated damages to cover the cost of taking and processing this application and removing the premises from the market and holding same for applicant. In the event this application is disapproved, or for any other reason for which owner is responsible the Lease Agreement is not consummated, this deposit will be returned to applicant.” It further provided that the defendants would take five to seven days to process the application for credit and character references.
On January 4 plaintiff changed his mind and demanded his deposit back.
In the meantime defendants had taken the premises off the market and begun to process plaintiff’s application.
In this suit plaintiff seeks to recover the deposit together with penalties and attorney’s fees pursuant to LSA-R.S. 9:3251 et seq. The defendants reconvened for damages and attorney’s fees. From a judgment dismissing the main and the reconventional demand plaintiff has appealed and defendants have answered the appeal.
The statute relied upon by plaintiff is not applicable. By its own terms, it applies to an advance deposit of money by the tenant or lessee in connection with a lease or rental agreement which has been entered into between the parties. In the instant case, no such lease or rental agreement was made. The deposit was made to induce defendants to hold the apartment for plaintiff pending their approval of him as a tenant. When he receded he forfeited the deposit under the terms of the agreement.
As to defendants’ reconvention, the $50 deposit forfeited by plaintiff was in the nature of liquidated damages under the terms of the application. They, are not entitled to further damages or attorney’s fees simply because they were subjected to a suit by plaintiff. The courts are open to citizens for a redress of grievances which they think they have and citizens should not be discouraged from using the courts for this purpose because defendants and judges might consider their claims to be without merit.
Furthermore, attorney’s fees are never allowed in the absence of a contract or statute.
The judgment appealed from is affirmed.
AFFIRMED.